UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTURO PEREZ,<br><br>   Plaintiff,<br><br>v.<br><br>LOWE'S HIW, INC.,<br><br>   Defendant. | CASE NO.: CV 10-02571 JCS<br><br>[PROPOSED] ORDER REGARDING THE EXCHANGE OF CONFIDENTIAL MATERIAL<br><br>Complaint Filed: April 30, 2010 |

## PURPOSES AND LIMITATIONS

  Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule

79-5 set forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

## GOOD CAUSE STATEMENT

**WHEREAS,** the parties submit and the Court hereby finds that **GOOD CAUSE EXISTS** in this case for the issuance of this Order Regarding the Exchange of Confidential Material ("Protective Order") for the following reasons:

- Plaintiff Arturo Perez ("Plaintiff"), a former employee of Defendant Lowe's HIW, Inc. ("Defendant"), brought this lawsuit on behalf of himself in the state of California, alleging that Defendant misclassified him as an exempt employee during his employment with Defendant as a Zone Manager ("ZM");

- Plaintiff seeks to recover unpaid overtime compensation, statutory penalties, injunctive and declaratory relief, an accounting, interest for the applicable limitations period, and his attorneys' and expert's fees and costs;

- Defendant anticipates that, during the course of discovery, the parties will exchange, among other things:

    (i) documents containing private personal, employment, and financial information of third parties; and

    (ii) nonpublic, confidential, proprietary, commercially sensitive and/or trade secret information pertaining to Defendant's ZMs and its operations.

- Disclosure of the above-referenced documents and information to persons who are not entitled to such information carries the danger of compromising the competitive business interests of the parties in the above-entitled action, and also risks invasion of legitimate privacy interests of non-parties;

- The issuance of this Order will allow for efficiency in the discovery process and provide a mechanism by which discovery of relevant confidential information may be obtained in a manner that protects against risk of disclosure of such information to persons not entitled to such

information; and

- The issuance of this Order will protect the parties' interests by providing the parties recourse in this Court in the event that a party or non-party improperly handles confidential, proprietary, or sensitive information that the parties have had to exchange in the course of discovery propounded and depositions taken in this action;

**WHEREAS**, the parties hereto, having stipulated and agreed, by and through their respective counsel, to the entry of this Protective Order in the above-captioned action and the Court having approved the same.

**IT IS HEREBY ORDERED THAT:**

1. All items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, documents or tangible things) that are produced or generated in disclosures or responses to discovery in this matter are referred to herein as "Disclosure or Discovery Material."

2. Any party to this action (specifically, Plaintiff Arturo Perez and Defendant Lowe's HIW, Inc.), including any of Defendant's officers, directors, employees, and in-house counsel (and their support staff) is referred to herein as a "Party."

3. A Party or non-party that designates its Disclosures or Discovery Material as "Confidential" is referred to herein as the "Designating Party."

4. A Party that receives Disclosure or Discovery Material from, or otherwise has in its possession "Confidential" Information of, a Designating Party is referred to herein as the "Receiving Party."

5. "Confidential" Information or Items as referred to herein shall mean:

   (i) Information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839;

   (ii) Confidential and proprietary business and/or financial information;

   (iii) Non-public information about any individual or individuals, including personnel records, evaluations, compensation levels, databases, surveys,

                    statistical analysis, analyses of personnel practices, or other information incorporating or aggregating information pertaining to individuals; and/or

    (iv)    Information alleged in good faith by a Party to be subject to protection under the Federal Rules of Evidence, California law, and/or information that is confidential, of commercial value, and falling into one or more of the following categories:

    a.    Defendant's policies and procedures for operating its stores and documents reflecting the same;

    b.    Information that is protected against disclosure by a written confidential information agreement between a third party and Plaintiff or Defendant; and

    c.    Business plans, models, marketing analyses, sales and financial statements.

6.    Any Disclosure or Discovery Material that is designated as "Confidential" shall constitute "Protected Material" under this Protective Order.

7.    Attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action are referred to herein as "Outside Counsel."

8.    Attorneys who are employees of a Party are referred to herein as "In-House Counsel."

9.    Outside Counsel and In-House Counsel (as well as their support staffs) are collectively referred to herein as "Counsel" (without qualifier).

10.    "Expert" as referred to herein shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this litigation; and who is not a past or a current employee of a Party and who, at the time of retention, was not anticipated to become an employee of a Party. This definition includes a professional jury or trial consultant retained in connection with this litigation.

11.    "Professional Vendors" as referred to herein shall mean persons or entities that

provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, organizing, storing, retrieving data in any form or medium, etc.) and their employees and subcontractors.

### SCOPE

12. The protections conferred by this Protective Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in court or in other settings that would reveal Protected Material.

### DURATION

13. Even after the termination of this litigation, the confidentiality obligations imposed by this Protective Order shall remain in effect until a Designating Party agrees otherwise in writing or a Court orders otherwise.

### DESIGNATING PROTECTED MATERIAL

14. <u>Exercise of Restraint and Care in Designating Disclosure or Discovery Material for Protection</u>. Each Party or non-party that designates Disclosure or Discovery Material for protection under this Order must take care to limit any such designation to specific Disclosure or Discovery Material that qualifies under the appropriate confidentiality standard. A Designating Party must take care to designate for protection only those parts of Disclosure or Discovery Material, so that other portions of the Disclosure or Discovery Material for which protection is not warranted are not swept unjustifiably within the ambit of this Protective Order.

If it comes to a Designating Party's attention that Disclosure or Discovery Material that that Party designated for protection does not qualify for protection at all, or does not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other parties that it is withdrawing the improper designation.

15. <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Protective Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Protective Order must be clearly so designated before such material is disclosed

or produced.

  Designation in conformity with this Protective Order requires:

  (a)  For Disclosure or Discovery Material in documentary form (apart from transcripts of depositions or other pretrial proceedings), that the Designating Party affix the legend "CONFIDENTIAL" prominently on each page that contains Protected Material. If only a portion or portions of a document or material on a page qualifies for protection, the Designating Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted ("Confidential").

  A Party or non-party that makes original Disclosure or Discovery Material available for inspection need not designate them for protection until after the inspecting Party has indicated which Disclosure or Discovery Material it seeks to have copied and produced. During the inspection and before the designation, all of the Disclosure or Discovery Material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the Disclosure or Discovery Material it seeks to have copied and produced, the Designating Party must determine which, if any, Disclosure or Discovery Material, or portions thereof, qualify for protection under this Protective Order. Prior to producing the specified Disclosure or Discovery Material, the Designating Party must affix the appropriate legend ("Confidential") prominently on each page as set forth above.

  Any Party may also designate evidence in documentary form that it receives from another Party or a non-party that is entitled to protection hereunder by notifying all Parties in writing within thirty-five (35) days of receipt of the evidence in documentary form, of the specific pages of the evidence in documentary form that should be treated as "Confidential"

thereafter. Each Party shall attach a copy of such written notice or notices to the face of the evidence in documentary form and each copy thereof in its possession, custody or control.

    (b)    For Disclosure or Discovery Material in the form of testimony given in deposition or in other pretrial proceedings, that the Party or non-party offering the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Confidential."

Any Party may also designate testimony that is entitled to protection by notifying all Parties in writing within twenty (20) days of receipt of the transcript, of the specific pages and lines of the transcript that should be treated as "Confidential" thereafter. Each Party shall attach a copy of such written notice or notices to the face of the transcript and each copy thereof in its possession, custody or control. Unless otherwise indicated, all deposition transcripts shall be treated as "Confidential" for a period of twenty (20) days after the receipt of the transcript. This preliminary treatment, however, shall not limit a deponent's right to review the transcript of his or her deposition under Federal Rule of Civil Procedure 30(e)(1).

Transcript pages containing Protected Material must be separately bound by the court reporter, who must prominently affix on each such page the legend "Confidential," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

    (c)    For Disclosure or Discovery Material produced other than in documentary or testimony form, and for any other tangible items, that the Designating Party affix in a prominent place on the exterior of the container in which or disk (or similar device) on which the information or item is stored the legend "Confidential." If only portions of the information or item warrant

protection, the Designating Party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as "Confidential."

16. <u>Inadvertent Failures to Designate</u>. An inadvertent failure to designate qualified information or items as "Confidential" does not, standing alone, waive the Designating Party's right to secure protection under this Protective Order for such material. If any Disclosure or Discovery Material is appropriately designated as "Confidential" after the material was initially produced, the Receiving Party, on notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Protective Order.

17. <u>Non-party Designations During Deposition</u>. During the deposition of any non-party, the non-party may designate any Disclosure or Discovery Material as "Confidential" so long as it is conducted in good faith. Further, any non-party seeking to invoke any protection accorded by the Protective Order must either provide a copy of the "Agreement to Be Bound by Protective Order" (attached as Exhibit A) executed by the non-party to all counsel of record for the Parties, or so agree on the record during the deposition.

## CHALLENGING CONFIDENTIALITY DESIGNATIONS

18. <u>Timing of Challenges</u>. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

19. <u>Meet and Confer</u>. A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must first meet and confer in good faith with counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has first engaged in this meet and confer process.

20. <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a confidentiality designation may file and serve a motion under the applicable Federal and Local Rules that identifies the challenged Disclosure or Discovery Material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph, consistent with the applicable Federal and Local Rules.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Until the Court rules on the challenge, all parties shall continue to afford the Disclosure or Discovery Material in question the level of protection to which it is designated by the Designating Party.

## ACCESS TO AND USE OF PROTECTED MATERIAL

21. <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Protective Order.  When the litigation has been terminated, a Receiving Party must comply with the "Final Disposition" provisions below.

Protected Material must be maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to persons authorized under this Protective Order.

22. <u>Disclosure of "Confidential" Information or Items</u>.  Unless otherwise ordered by the Court, or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Confidential" only to the following:

    (a)    The Receiving Party, including its officers, directors, and employees (including In-House Counsel) to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

    (b)    Outside Counsel in this litigation, as well as its employees to whom it is

reasonably necessary to disclose the information for this litigation;

    (c)    Experts (as defined in this Protective Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A);

    (d)    The Court and its personnel;

    (e)    Court reporters, their staffs, and professional vendors to whom disclosure is reasonably necessary for this litigation;

    (f)    During their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (attached as Exhibit A). Pages of transcribed deposition testimony or exhibits to depositions that contain Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Protective Order.

    (g)    The author of or recipient of the Protected Material or the original source of the information.

**PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

23.    If a Receiving Party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as "Confidential," the Receiving Party must immediately notify the Designating Party, in writing and in no event more than five (5) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order.

24.    The Receiving Party also must immediately inform in writing the Party who caused the subpoena or order to issue in the other litigation that some or all the Protected Material covered by the subpoena or order is the subject of this Protective Order. In addition, the Receiving Party must deliver a copy of this Protective Order promptly to the Party in the other action that caused the subpoena or order to issue.

25.    The purpose of imposing these duties is to alert the interested parties to the existence

of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the Court from which the subpoena or order issued. The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another Court.

**UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26. If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (attached as Exhibit A).

**FILING PROTECTED MATERIAL**

27. In the event that counsel for any party desires to file with the Court any document which includes any Protected Material, such document shall be filed separately in a sealed envelope and include a written application and proposed order in conformity with Northern District of California Local Rule 79-5. If the party making the filing is a Receiving Party, then the written application shall state that -- the documents sought to be sealed are subject to the Court's Protective Order and that pursuant to that Order, the Designating Party shall have seven days to file with the Court supporting documents necessary to make a factual showing establishing that the Protected Material is sealable, and that the Court should therefore abstain from making a ruling on the Written Application to provide the Designating Party with sufficient opportunity to make this showing. The Receiving Party should then provide written email notification to the Designating Party on the date of filing of the bates-ranges and title of the Protected Material to be filed under seal so as to give the Designating Party sufficient opportunity to make its factual showing.

# FINAL DISPOSITION

28. Following the termination of this action, whether by trial, settlement or otherwise, the parties, their counsel and any experts or consultants retained by them, shall return all Confidential Information to the party who produced or owns the Confidential Information as well as any notes or abstracts, exhibits, summaries, compilations or other formulations made or based in whole or in part on Confidential Information, or each party's council shall certify in writing, under penalty of perjury, their firm has physically destroyed all such documents and electronic files within thirty (30) days of the termination of this action. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth above. The ultimate disposition of Confidential Information filed with the Court shall be subject to further order of the Court.

# INADVERTENT PRODUCTION OF PRIVILEGED DOCUMENTS

29. Inadvertent production of any document or information that a Party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. A Party may request the return of any Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a Party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, the possessing party shall within three (3) days return to the requesting Party the Inadvertently Produced Privileged Document and all copies thereof and shall not make use of such documents or information in this proceeding or otherwise. The Party returning such material may then move the Court for an order compelling production of the documents or information, but said party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

# MISCELLANEOUS

30. <u>Right to Further Relief</u>. Nothing in this Protective Order abridges the right of any person to seek its modification by the Court in the future.

[PROPOSED] ORDER REGARDING
THE EXCHANGE OF CONFIDENTIAL MATERIAL               Case No. CV 10-02571 JCS

31. <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any Disclosure or Discovery Material on any ground not addressed in this Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the Disclosure or Discovery Material covered by this Protective Order.

**SO STIPULATED.**

DATED:  November 15, 2010    **PERRY, JOHNSON, ANDERSON, MILLER & MOSKOWITZ, LLP**

By:   /s/  Scott A. Lewis
Scott A. Lewis
Attorneys for Plaintiff
ARTURO PEREZ

DATED: November 17, 2010    **HUNTON & WILLIAMS LLP**

By:   /s/  Y. Anna Suh
Y. Anna Suh
Attorneys for Defendant
LOWE'S HIW, INC

**ORDER**

Based on the foregoing stipulation of the Parties, and Good Cause having been shown,

IT IS SO ORDERED.

Dated:   November 18, 2010

Hon. Joseph C. Spero
United States Magistrate Judge

13

[PROPOSED] ORDER REGARDING
THE EXCHANGE OF CONFIDENTIAL MATERIAL                Case No. CV 10-02571 JCS

**Exhibit A**

<u>Agreement to be Bound By Protective Order</u>

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *Arturo Perez v. Lowe's HIW, Inc.*, N.D. Cal. Case No. CV 10-02571 (JCS), and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Parties or this Court. I hereby consent to the jurisdiction of said Court for purposes of enforcing this Protective Order.

Signature: _____

Printed Name: _____

Dated: _____